HENDRICKSON (HENCKLEY v.). See Case No. 6,348.

## Case No. 6,357.

### HENDRICKSON v. HINKLEY.

[5 McLean, 211.] [1]

Circuit Court, D. Ohio. April Term, 1851. [2]

EQUITABLE RELIEF FROM JUDGMENT AT LAW — WHEN EXERCISABLE—SURPRISE—SET-OFF.

1. Where a case was properly examinable at law, and a trial at law has been had, and no exception to the ruling of the court, chancery can give no relief.

[Cited in Lyme v. Allen, 51 N. H. 245.]

[See note at end of case.]

2. Chancery cannot revise a case at law, where there was no obstruction to a full investigation of the merits.

[See note at end of case.]

3. Even if a party neglects to make a full defense, as might have been done, it is no ground for the exercise of an equitable jurisdiction.

[See note at end of case.]

4. A party, in such a case, can obtain a remedy by a bill of exception to the ruling of the court, or a motion for a new trial.

In equity.

Mr. Probasco, for complainant.

Mr. Mills, for defendant.

BY THE COURT. This is a bill in chancery, in which the complainant asks relief against a judgment at law on two grounds: (1) That the complainant's claim be set off against the judgment; or, (2) that the defendant's judgment may be subjected to the payment of the complainant's accounts. Some years since a contract was made between the above parties, in which Hendrickson, in company with —— Campbell, since dead, purchased from the agent of Hinkley, a certain number of imported hogs, for which they agreed to pay a high price, on account of the breed of the hogs. The amount of the purchase was about three thousand dollars. A part of the consideration was paid, and the balance not being paid, suit was commenced by Hinkley. Notes, at the time of the contract, were given for the hogs.

The defendants set up in defense of the action, that they had been influenced to make the purchase by the fraudulent representations of the agent of Hinkley. That several of the hogs, for which they paid the highest price, were worth nothing, and could not be sold in the market, at any price. Also, it was alleged that payments had been

made, and that certain expenses had been incurred by the defendants in keeping the hogs, &c., chargeable to the plaintiff. At the trial the jury found for the plaintiff the sum of        in damages.

A motion was made for a new trial on the ground of surprise, at the trial, and for other causes. [Case No. 6,348.] The court overruled the motion, and entered a judgment on the verdict, and the present bill was filed for relief. There is no matter set up in the bill which might not have been considered in the action at law. The account set up was connected with the purchase of the hogs, and every item for which a credit on the judgment is claimed in the bill, grew out of that transaction. All these matters were examinable at law. After a full and deliberate trial at law, a verdict found for the plaintiff, a motion for a new trial was submitted on grounds stated. The court overruled the motion. No exception was taken to the ruling of the court on the trial. Under such circumstances a court of equity can give no relief. A court of equity will not revise a proceeding at law, where the subject matter was proper for a court at law. In such a case, equity has no jurisdiction. If the defendant failed to set up in his defense, what he might have done at law, there is no remedy. The laches of a party lays no foundation for the interference of a court of equity. There appears to be no ground on which the present bill can be sustained, and the relief prayed for given. The bill is dismissed at the costs of the complainant.

[NOTE. From this decree the complainant appealed to the supreme court, where the decree of the circuit court was affirmed in an opinion by Mr. Justice Curtis. 17 How. (58 U. S.) 443. It was held that a court of equity does not interfere with judgments at law unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. When a party sued at law has his election to set off his claim or resort to his separate action, and selects the last, he cannot come into a court of equity and ask to be allowed to make a different determination, and to be restored to the right which he has once voluntarily waived.]